******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

McDONALD, J., concurring. I fully agree with the majority's determination that the factual premise of the argument of the defendant, Michael Anthony Guerrera, that the 1552 locked audio recordings in the possession of the Department of Correction were part of the state's investigatory file, is not supported by the record. I write separately solely to address an argument asserted by the state that would have been problematic had the records been part of that investigatory file.

As the majority notes, one ground on which the state and the department sought to quash the subpoena was that compliance with it would place an unreasonable burden on the department. The state represented that the review necessary before the recordings could be released to the defendant could take between 200 and 1000 hours, depending on the length of the calls. Any such burden, however, is inconsequential in relation to a defendant's right to favorable evidence that could potentially result in him avoiding years, not hours, of imprisonment. As the majority notes, the state's obligation under *Brady*[1] does not vary depending on how convenient or inconvenient it is for the state to comply with its duty to provide exculpatory evidence to the defendant.[2] See footnote 16 of the majority opinion; see, e.g., *Emmett* v. *Ricketts*, 397 F. Supp. 1025, 1043 (N.D. Ga. 1975) (stating, in context of "voluminous mass of files, tapes and documentary evidence" in state's possession, that "the prosecutor retains the constitutional obligation of initially screening the materials before him and handing over to the defense those items to which the defense is unquestionably entitled under *Brady*"). In my view, the state's argument about how unduly burdensome a review of 1552 recordings would be rings particularly hollow in light of the case law that addresses vastly greater numbers of records.

Finally, had the state limited its request to the department to those time periods that were most likely to produce relevant evidence, rather than making an unlimited, open-ended request, any perceived burden could have been greatly reduced without compromising the state's investigation. If the state is concerned about the burden of review, then it should tailor its requests accordingly.

I therefore respectfully concur.

[1] *Brady* v. *Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

[2] In the age of electronic records, prosecution records can run into the millions, yet the government is not relieved of its *Brady* obligations merely because the records accumulated in its investigation are voluminous. See, e.g., *United States* v. *Warshak*, 631 F.3d 266, 295 (6th Cir. 2010) (discussing 17 million pages of electronic evidence included in prosecutor's file); *United States* v. *Skilling*, 554 F.3d 529, 576 (5th Cir. 2009) (quantifying prosecutor's case file as "several hundred million pages of documents"), aff'd in part and vacated in part on other grounds, 561 U.S. 358, 130 S. Ct. 2896, 177 L. Ed. 2d 619 (2010); *United States* v. *W. R. Grace*, 401 F. Supp. 2d 1069, 1080

(D. Mont. 2005) (referencing more than 3 million pages of discovery in prosecution's file).

———————————————